HENRY ERLICH and Others, Plaintiffs, *v.* FRANK BRISTOL, Defendant.

City Court of Hornell, Steuben County, February 10, 1933.

*Harry K. Brown* [*Vedo M. Candiello* of counsel], for the plaintiffs.

*Lyle W. Jackson,* for the defendant.

HILL, J.  The plaintiffs obtained a warrant of attachment against the property of the defendant, under which certain property of the defendant was attached by the marshal of the City Court. The attachment was served on the defendant by delivering a copy of the attachment and the other papers required to be delivered to the person in whose possession the property was at the time of the attachment. Later and within the time required by law, the summons was personally served on the defendant. Before the return day of the summons, the defendant furnished an undertaking in the form required by section 81 of the Justice Court Act which was approved, and the property attached was released. On the return day of the summons, counsel for the defendant appeared specially and moved to vacate the warrant of attachment upon the ground that the facts shown in the papers upon which the warrant was issued were insufficient to justify its issuance.

Counsel for the parties have not furnished, nor has my research discovered, any authority decisive of the question presented. According to the Justice Court Act, which applies to matters of pro-

cedure in the City Court of Hornell, where the act creating the City Court is silent, section 52 of chapter 434 of the Laws of 1932, an application to vacate a warrant of attachment must be made at the time the summons is returnable, section 86 of the Justice Court Act, and apparently cannot be made before the return day of the summons. There is no provision in the City Court Act relative to vacating a warrant of attachment, so that section 86 of the Justice Court Act applies to the City Court as well as the sections of the Justice Court Act relating to furnishing undertakings.

Section 81 of the Justice Court Act provides for the giving of an undertaking by the defendant, in order to release the property attached and states the form of the undertaking must be to the effect, " that, if judgment is rendered against the defendant and an execution is issued thereupon, within six months after the giving of the undertaking, the property attached shall be produced to satisfy the execution."

It is my opinion that when such an undertaking is given because of its form, and when the summons is personally served, it is an admission on the part of the defendant that the warrant of attachment is properly issued, for it undertakes if judgment is rendered against the defendant, and an execution issued within six months after the giving of the undertaking, the property will be returned to satisfy the execution. In other words, the defendant says, in effect, " You let me have my property, and if you recover judgment, I will pay the judgment up to the amount of the sum specified in the undertaking, if I don't return the property." If in this case, as in a great many cases, the summons was not personally served, and the warrant not properly issued, and it is vacated, a judgment could not be entered against the defendant, as there would be no jurisdiction to enter a judgment; but where the summons is personally served, a judgment can be entered against the defendant, even if the warrant is vacated. If the section provided that the undertaking should be to the effect that if the warrant of attachment is not vacated, and judgment is rendered against the defendant and an execution issued, the property will be produced to satisfy the execution, then it would not be admission that the warrant was properly issued, and if it is vacated, the surety would not be liable on the undertaking even if judgment was rendered against the defendant on personal service of the summons.

Because of the provisions of the Justice's Court Act relative to warrants of attachment and the view here expressed, it would seem that the motion to vacate the attachment becomes an academic question.

Therefore the motion to vacate is not a proper motion, and the warrant of attachment is neither vacated nor the motion granted.